**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISIDRO REYES,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>GIGI MATTESON,<br><br>　　　　　　Respondent. | No. 1:23-cv-0958 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 17) |

　　　　Isidro Reyes is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  Petitioner raises claims related to the admission of his interrogation at trial, failure to bifurcate gang-related enhancements, a jury instructional error regarding witness certainty, and cumulative error.  (*See* Doc. 1 at 5-10.)  The magistrate judge found Petitioner failed to show he was entitled to habeas relief on his claims, and recommended the petition be denied.  (Doc. 17.)

　　　　Petitioner filed objections to the Findings and Recommendations.  (Doc. 18.)  Petitioner indicates he objects to the magistrate judge's findings as to his first, second, and "instructional error" claims.  (*Id.* at 2.)  In addition, Petitioner asserts he has "[o]bjections to all of the Magistrate Judge's findings and recommendation."  (*Id.*)  Thus, Petitioner requests the Findings and Recommendations be rejected.  (*Id.*)

　　　　Notably, the objections raised by Petitioner—including to the entirety of the Findings and


Recommendations—are general and do not address the specific findings of the magistrate judge, or the legal bases for the findings.  Without such specificity, Petitioner fails to raise proper objections to the Court.  *See* Fed. R. Civ. P. 72(b)(2) (requiring any objections to magistrate judges' findings and recommendations to be "specific*"); Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object"); *Lockert v. Faulkner,* 843 F.2d 1015, 1019 (7th Cir. 1988) (holding general objections do not preserve arguments for appellate review and stating that "[a] district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate judge's report"); *see also Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir. 1994) (noting the court "will not manufacture arguments" for parties).

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that Petitioner should be allowed to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court

**ORDERS**:

1. The Findings and Recommendations issued on December 13, 2023 (Doc. 17) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DENIED**.
3. The Clerk of Court is directed to close this case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **February 14, 2024**

UNITED STATES DISTRICT JUDGE

3